Case 1:19-cv-08635-WHP   Document 7   Filed 05/28/20   Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

CRAIG MCPHERSON,

                  Petitioner,

    -against-

UNITED STATES OF AMERICA,

                  Respondent.

------------------------------------

19cv8635

19cv11036

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

       Pro se Petitioner Craig McPherson moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, McPherson's petition is denied.[1]

## BACKGROUND

       On May 15, 2013, a grand jury returned an indictment charging McPherson with conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); participating in a conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and using and carrying a firearm, and aiding and abetting the use, carrying, and possession of a firearm, in furtherance of the Hobbs Act robbery conspiracy

---

[1] McPherson filed his habeas petition on September 9, 2019. See Noble v. Kelly, 246 F.3d 93, 97–98 (2d Cir. 2001) (explaining that under the "prison mailbox" rule, a motion is deemed to have been filed on the date it was provided to prison officials to be sent to the Clerk of Court). On November 21, 2019, McPherson filed a motion for a hearing. The hearing motion, which added supplemental arguments, was filed as a separate § 2255 petition and given its own case number. (See 19-cv-11036, ECF No. 1.) This Court construes McPherson's later-filed § 2255 motion as amending the first and treats them as a single application for relief. See Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."). Accordingly, this Memorandum & Order refers to both in the singular for ease of reference.

charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three).  (Criminal ECF No. 7.)[2]

On December 16, 2013, McPherson pled guilty to Count Two of the indictment pursuant to a plea agreement.  (Criminal ECF No. 29 ("Plea Tr."), at 3, 23; PSR ¶ 7.)  In his plea agreement, McPherson stipulated to being a "career offender" under §§ 4B1.1(a) and (b) of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), resulting in both an enhanced offense level and increased criminal history category.[3]  (PSR ¶ 7.)  McPherson waived his right to appeal or otherwise challenge his sentence if this Court sentenced him within or below the stipulated Guidelines range of 151 to 188 months of imprisonment.  (Plea Tr. at 18; PSR ¶ 7.)  On June 26, 2014, this Court sentenced McPherson principally to 144 months of imprisonment to be followed by three years of supervised release.  (Criminal ECF No 55; Criminal ECF No. 59, at 43.)

McPherson filed a notice of appeal on July 2, 2014.  (Criminal ECF No. 56.)  The Government moved to dismiss the appeal as barred by his waiver of appellate rights in the plea agreement.  The Second Circuit granted the Government's motion and dismissed the appeal, finding that McPherson had "not demonstrated that the waiver of his appellate rights [was] unenforceable under United States v. Gomez-Perez, 215 F.3d 315, 319–20 (2d Cir. 2000)." (United States v. McPherson, 14–2417, Mandate dated May 28, 2015; Criminal ECF No. 66.)

In May 2016, McPherson filed a petition to vacate, set aside, or correct his sentence.  (2016 Habeas Petition ECF No. 1.)  This Court stayed McPherson's petition pending

---

[2] Citations to "Criminal ECF No." refer to McPherson's underlying criminal proceeding, case number 13-cr-362.  Citations to "ECF No." refer to the instant proceeding, case number 19-cv-8635.  And citations to "2016 Habeas Petition ECF No." refer to McPherson's prior § 2255 proceeding, case number 16-cv-3478.

[3] At the time of McPherson's sentencing, the 2013 Guidelines were in effect.

2

the Supreme Court's decision in <u>Beckles v. United States</u>, 616 F. App'x 415 (11th Cir. 2015), <u>cert. granted</u>, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).  (2016 Habeas Petition ECF No. 8.)  After the Supreme Court decided <u>Beckles</u> in March 2017, the Government responded to McPherson's petition asserting that it lacked merit because <u>Beckles</u> concluded that the residual clause in U.S.S.G. § 4B1.2(a) was not void for vagueness.  <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2017).

In August 2017, this Court conducted a conference with the parties to resolve issues between McPherson and his counsel.  McPherson's counsel represented that he had sought to discuss "whether it might be in [McPherson's] interest to withdraw the petition without prejudice" after <u>Beckles</u>.  (2016 Habeas Petition ECF No. 19 ("8/4/17 Hearing Tr."), at 2–3.)  However, he was unable to communicate with McPherson.  (8/4/17 Hearing Tr. at 2–4.)  At the conference, both McPherson and his counsel confirmed McPherson's desire to withdraw his petition without prejudice.  (8/4/17 Hearing Tr. at 3–5.)

After the conference, the Government submitted a letter indicating it would consent to the dismissal of McPherson's petition, provided the dismissal was with prejudice and with the understanding that the withdrawn petition might count as a first § 2255 motion for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (2016 Habeas Petition ECF No. 16 ("Gov't's Ltr.").)  The Government's letter also asserted that "the record should reflect that this dismissal follows the Supreme Court's decision in [<u>Beckles</u>], which makes clear that McPherson's § 2255 motion lacks merit."  (Gov't's Ltr.)  McPherson's counsel responded by again requesting that McPherson's petition be dismissed without prejudice precisely because any dismissal with prejudice would constitute a first § 2255 motion under AEDPA.  (2016 Habeas Petition ECF No. 17.)

After construing McPherson's counsel's letter as a motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure, this Court granted McPherson's motion to dismiss his habeas petition without prejudice. (2016 Habeas Petition ECF No. 18 ("2016 Habeas Petition M&O"), at 3–4.) Additionally, this Court found that it "need not decide at this juncture whether the instant petition will count as a first § 2255 motion for AEDPA purposes." (2016 Habeas Petition M&O, at 4.)

## DISCUSSION

I.  Legal Standard

Under 28 U.S.C. § 2255, a petitioner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). But "[a] motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) (citing United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995)). Collateral challenges conflict with "society's strong interest in the finality of criminal convictions" and defendants are, therefore, subject to a higher bar "to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks omitted). To prevail, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quotation marks omitted).

Because McPherson is now proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); accord Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). And this Court must liberally construe his papers "to raise the strongest arguments that they suggest." Green, 260 F.3d at 83 (quotation marks omitted).

4

II.     Whether McPherson's 2016 Habeas Petition "Counts" under AEDPA

As a general rule, a petitioner cannot file a "second or successive" § 2255 motion in a district court without prior authorization from the appropriate court of appeals. See 28 U.S.C. §§ 2255(h), 2244(b)(3); Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998). While AEDPA does not define a "second or successive" motion, "[c]ourts have uniformly rejected a literal reading of the phrase." Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004) (per curiam) (collecting cases). The Second Circuit has held that "for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." Ching, 298 F.3d at 177 (quotation marks omitted). An initial § 2255 petition will "count" as the first when the prior motion was "adjudicated on the merits or dismissed with prejudice." Thai, 391 F.3d at 494; see also Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003) ("[A] § 2255 petition will not be considered second or successive unless a prior § 2255 petition was adjudicated on the merits." (emphasis in original)). "In contrast, an initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255." Thai, 391 F.3d at 495.

The threshold issue—which neither party addressed—is whether McPherson's 2016 habeas petition "counts" as his first § 2255 motion for AEDPA purposes. The Second Circuit has instructed "that the reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernible." Thai, 391 F.3d at 495. For example, "where a petitioner moves to withdraw a § 2255 petition due to curable procedural defects, or upon realizing that his or her claims are not yet exhausted, the voluntary dismissal is akin to a

5

dismissal without prejudice, and the initial petition should not count for successive purposes." Thai, 391 F.3d at 495. But "if a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA." Thai, 391 F.3d at 495. Instead of looking at the "subjective intent of the petitioner," courts must make "a determination of whether the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." Thai, 391 F.3d at 495.

Here, the objective circumstances of McPherson's withdrawal of his first § 2255 motion suggest that it was "akin to a dismissal on the merits." Thai, 391 F.3d at 495. First, the timing of McPherson's request to withdraw his petition is revealing. This Court stayed McPherson's 2016 habeas petition pending the Supreme Court's decision in Beckles. After Beckles was decided in 2017, McPherson made multiple attempts to contact his counsel regarding his petition. (See generally 2016 Habeas Petition ECF Nos. 12, 14.) During the August 2017 conference, McPherson's counsel confirmed that he sought to communicate with McPherson "about whether it might be in his interest to withdraw the petition without prejudice" after Beckles. (See 8/4/17 Hearing Tr. at 2–3.) And McPherson affirmed that he wished to withdraw his § 2255 petition. (8/4/17 Hearing Tr. at 4–5.) Thus, the timing of McPherson's request—after Beckles foreclosed most arguments in his § 2255 petition—"seem[s] to suggest that [he] knew his initial petition lacked merit." Thai, 391 F.3d at 496; accord Stevenson v. United States, 2017 WL 3699309, at *2 (W.D.N.Y. Aug. 28, 2017) (finding petitioner's counseled request to voluntary withdraw § 2255 petition three weeks after the Supreme Court decided Beckles was "based on his understanding that Beckles left him with no avenue for relief"); see also United States v. Rejda, 790 F. App'x 900, 905 (10th Cir. 2019) (per curiam)

6

("[T]he timing of [petitioner's] motion for voluntary dismissal [after Beckles] clearly and objectively indicates that [the petitioner] had concluded his motion was doomed.").

Second, although McPherson did not "clearly concede[ ] upon withdrawal of [his] § 2255 petition that the petition lacks merit," Thai, 391 F.3d at 495, this fact alone is not dispositive. This Court recognizes the apparent inconsistencies in McPherson's statements. In McPherson's first letter to this Court he wrote that "[my counsel's] hostility stemmed from me wanting to explore other avenues in my [§] 2255 motion, rather than flat out withdraw it after the Beckles decision." (2016 Habeas Petition ECF No. 12, at 2.) His second letter reiterates that he sought to investigate another aspect of his § 2255 motion, but then notes that he had been attempting to withdraw his petition before the Government filed its opposition brief. (2016 Habeas Petition ECF No. 14, at 2.) And McPherson's counsel pointed out that McPherson's habeas petition brought ineffective assistance of counsel claims that may not have been entirely cut off by Beckles. (2016 Habeas Petition ECF No. 17, at 2.)

Nevertheless, instead of attempting to divine the "subjective intent of the petitioner," Thai, 391 F.3d at 495, this Court must focus on objective circumstances. Here, the timing of McPherson's withdrawal, "strongly suggest[s] that, after Beckles, Petitioner saw 'the writing on the wall.'" Stevenson, 2017 WL 3699309, at *2 (quoting Potts v. United States, 210 F.3d 770, 770–71 (7th Cir. 2000)). Moreover, unlike the petitioner in Thai, McPherson was represented by counsel when he attempted to withdraw his petition. This is a key factor when attempting to understand a petitioner's reasoning for withdrawal. See Thai, 391 F.3d at 496 (finding petitioner's pro se status and poor English skills relevant for analyzing his decision to voluntary withdraw his first § 2255 motion); Diaz v. United States, 2016 WL 205432, at *2

7

(S.D.N.Y. Jan. 15, 2016) ("Given that [petitioner] was proceeding pro se, it is likely he did not realize the consequences the withdrawal would have on his ability to seek habeas relief.").

Although this Court previously ruled that McPherson's 2016 habeas petition could be withdrawn without prejudice, it expressly noted it was not deciding whether the petition would count as a first § 2255 motion for AEDPA purposes. (2016 Habeas Petition M&O, at 4.) Therefore, whether the petition was withdrawn with or without prejudice is not determinative for the present analysis. See Stevenson, 2017 WL 3699309, at *2; see also De Jesus Huarte v. United States, 2016 WL 7239488, at *3 (S.D. Fla. Dec. 14, 2016). Moreover, as this Court previously recognized, the Federal Rules of Civil Procedure may be applied to § 2255 proceedings so long as they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings for the United States District Courts. See Fed. R. Governing § 2255 Proceedings 12. While Rule 41(a)(2) was appropriately applied in the prior proceeding, Thai instructs courts to focus on the "circumstances surrounding withdrawal" when determining whether a petition was successive. Thai, 391 F.3d at 495. This Court can infer from the timing of McPherson's withdrawal, and the fact that he was counseled during this period, that McPherson understood that his claims lacked merit. Therefore, McPherson's 2016 habeas petition "counts" as a first § 2255 motion for purposes of AEDPA.

III.     Transfer to the Second Circuit

Since the present motion is necessarily a "second or successive" motion, it should be transferred to the Second Circuit if doing so is in the interest of justice. See 28 U.S.C. §§ 2255(h), 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). "However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of

8

factual predicates for relief on a second or successive section 2255 petition have not been made out." Avendano v. United States, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014); see also Santiago v. United States, 222 F. Supp. 3d 353, 357 (S.D.N.Y. 2016) (declining to transfer successive habeas petition to Second Circuit that was without merit); Rosario v. United States, 625 F. Supp. 2d 123, 127 (S.D.N.Y. 2008) (same).

To meet that "narrow set of factual predicates for relief," Avendano, 2014 WL 7236036, at *2, McPherson must demonstrate that his motion either: (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

McPherson's submission presents no newly discovered evidence under the first prong. Turning to the second prong, this Court construes McPherson's petition to present two arguments related to a potential "new rule of constitutional law." First, he argues that his "conviction under [§] 924(c) must be set aside because [§] 924(c)(3)(B)'s residual definition is unconstitutionally vague," in light of the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). (ECF No. 1.) Second, he asserts that his Guidelines range should not have been enhanced under U.S.S.G. § 2B3.1(b)(2)(C) because its application is unconstitutional under Davis and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). (Criminal ECF No. 96.)[4]

---

[4] McPherson's supplemental argument that the Court improperly applied the career offender enhancement under U.S.S.G. §§ 4B1.1(a) and (b) because the Government failed to satisfy the notice requirement in 21 U.S.C. § 851 fits under neither prong that would provide a "predicate[ ] for relief." Avendano, 2014 WL 7236036, at *2.

9

In Johnson, the Supreme Court held that the residual clause within the Armed Career Criminal Act ("ACCA") violated the Fifth Amendment's Due Process Clause. 135 S. Ct. at 2557. A defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) faces an enhanced sentence if he has three prior convictions for a "violent felony." See 18 U.S.C. § 924(e)(1). A "violent felony" under ACCA's residual clause includes any felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court deemed this residual clause unconstitutionally vague. Similarly, in Dimaya, the Supreme Court held that the residual clause in the definition of "crime of violence" under 18 U.S.C. § 16(b) was unconstitutionally vague under the Immigration and Nationality Act. Dimaya, 138 S. Ct. at 1214–15. And in Davis, the Supreme Court invalidated the similarly-worded residual clause in 18 U.S.C. § 924(c)(3)(B) in light of Johnson and Dimaya. Davis, 139 S. Ct. at 2325–27, 2336.

Although McPherson mentions each of these rulings, he cannot rely on them for purposes of his successive petition. While the Supreme Court determined that its ruling in Johnson announced a new rule of substantive constitutional law that has retroactive effect to cases on collateral review, Welch v. United States, 136 S. Ct. 1257, 1264–65 (2016), any Johnson claim would be untimely. See 28 U.S.C. § 2255(f)(3) (setting one-year limitation period for § 2255 petitions, to run from date Supreme Court initially recognized constitutional right). Although Davis may indeed be a new rule of constitutional law and apply retroactively to cases on collateral review under Welch, "'a rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive,' and such a decision cannot be made by lower courts." Castellano, 967 F. Supp. 2d at 770–71 (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001)). Similarly, the Supreme Court has not indicated that Dimaya announced a new rule of

10

constitutional law made retroactive to cases on collateral review. Therefore, this Court declines to do so here.

Nonetheless, McPherson cannot rely on these decisions because Johnson, Dimaya, and Davis do not impact his conviction or sentence. McPherson only pled guilty to Count Two of the indictment: Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951. Since this statute does not contain a residual clause, or a definition of "violent felony" or "crime of violence," the holdings of Johnson, Dimaya, or Davis are inapplicable.

Relying on the same case law, McPherson challenges the application of the five-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for brandishing or possessing a firearm, which was used to calculate his offense level under the Guidelines. Like 18 U.S.C. § 1951, this sentencing enhancement does not reference a "violent felony" or "crime of violence." Additionally, this enhancement does not contain a residual clause comparable to those analyzed in Johnson, Dimaya, or Davis. Instead, the application of U.S.S.G. § 2B3.1(b)(2)(C) is predicated upon whether a firearm was possessed in connection with a robbery. See, e.g., Scott v. United States, 2016 WL 3906705, at *4 (S.D.N.Y. July 13, 2016) (holding that nothing in Johnson undermines the application of U.S.S.G. § 2B3.1(b)(2) to a petitioner convicted of robbery). Moreover, the Supreme Court squarely rejected any void for vagueness challenges to the Guidelines in Beckles, 137 S. Ct. at 892 (holding that the "Guidelines are not subject to a vagueness challenge under the Due Process Clause"). In sum, McPherson's petition is wholly without merit. And transferring it to the Second Circuit for certification under 28 U.S.C. §§ 2255(h) or 2244(b)(3) would not be in the interest of justice.

IV.   Request for Counsel and a Hearing

Finally, McPherson requests the appointment of counsel for his current motion. (Criminal ECF No. 91.)  Since McPherson's multiple proceedings under § 2255 have concluded and this Court rejects his application, McPherson has not demonstrated a need for appointed counsel.  See, e.g., Lorenzana v. United States, 2013 WL 4400526, at *4 (S.D.N.Y. Aug. 15, 2013) ("[Petitioner's] proceedings under Section 2255 are concluded.  The Court rejected his initial application and has now rejected his motion to amend his application and his motions to reconsider or vacate the Court's judgment.  Accordingly, [Petitioner] has not shown a need for appointed counsel.").  And because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," McPherson's request for a hearing is denied.  28 U.S.C. § 2255(b).

## CONCLUSION

For the foregoing reasons, McPherson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.  "[This Court] decline[s] to transfer it to the Second Circuit pursuant to § 1631 because, after weighing the equities of dismissing the claim as opposed to transferring it, [this Court] find[s] that a transfer would not be in the interest of justice."  Terrence v. Artus, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005).  Because McPherson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  See 28 U.S.C. § 2253(c).  The Clerk of Court is directed to terminate all pending motions and mark case numbers 19-cv-8635 and 19-cv-11036 as closed.  A copy of this Memorandum & Order is being mailed by Chambers staff to Petitioner.

Dated: May 28, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.